UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-20359 CIV-MORENO

MAGISTRATE JUDGE SIMONTON

FILED BY ___ D.C.
2008 FEB 11 PM 3:57
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. L.

SUSAN LIVINGOOD

Plaintiff,

Vs.

CARNIVAL CORPORATION, a Panamanian Corporation d/b/a "CARNIVAL CRUISE LINE" and/or "CARNIVAL,"

Defendant.

_______________________________/

## COMPLAINT FOR DAMAGES

The Plaintiff, SUSAN LIVINGOOD ["LIVINGOOD" or "Plaintiff"], by and through her undersigned counsel, sues the Defendant, CARNIVAL CORPORATION, a Panamanian corporation d/b/a "CARNIVAL CRUISE LINE" and/or "CARNIVAL " [hereinafter collectively "CARNIVAL"], and alleges:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of the sum of Seventy-Five Thousand ($75,000.00) Dollars, jurisdiction of this claim is founded upon 28 U.S .C .A § 1332 (a)(diversity of citizenship) and upon the forum selection clause contained within paragraph fifteen (15) of contract between Plaintiff, SUSAN LIVINGOOD and Defendant CARNIVAL. (Attached Plaintiff's #1).

2. Plaintiff, SUSAN LIVINGOOD, is a U.S. citizen who resides and is domiciled in the state of Pennsylvania.

3. Defendant CARNIVAL is a Panamanian corporation which does business as "CARNIVAL CRUISE LINES" and/or "CARNIVAL," and has its principle place of business in Dade County, Florida.

4. Defendant CARNIVAL, at all relevant times, owned and operated the cruise ship *Carnival Valor.*

5. On or about February 25, 2007, and at all other relevant times, the Plaintiff was a fare-paying passenger aboard the subject vessel pursuant to the terms of Carnival's form ticket.

6. The Defendant CARNIVAL, at all relevant times, owed the Plaintiff, as a fare paying passenger , a duty to exercise reasonable care under the circumstances for her safety.

7. Defendant CARNIVAL, at all relevant times, negligently created and/or maintained a dangerous condition on the vessel, *to wit:* a wet, non-slip-resistant food service area aboard the vessel's Lido deck. This condition was known, or should have been known, to Defendant CARNIVAL. Several passengers had slipped and fallen there and at other similar locations throughout Defendant's fleet prior to the incident involving the Plaintiff.

8. Defendant CARNIVAL and/or its employee's at all material times undertook to maintain the subject deck and to keep it dry and non-slippery and at all relevant times therefore had a duty to exercise reasonable care under the circumstances in those undertakings.

9. Defendant CARNIVAL also had a duty to comply with the International Safety Management (ISM) Code.

10. Defendant CARNIVAL, at all relevant times, negligently breached its aforementioned duties by negligently maintaining and/or negligently failing to take steps to see that the subject floor surface was non-skid or otherwise non slippery, or by negligently failing to warn the Plaintiff and by failing to keep records, take corrective action or otherwise maintain a safety management system pursuant to the ISM Code.

11. As a direct and proximate result of the negligence of Defendant CARNIVAL, the Plaintiff, on or about February 25, 2007, was injured in and about her body and extremities, suffered pain there from, incurred medical expenses in the treatment of the injuries, and suffered physical handicap, and her working ability was impaired; the injuries are either permanent or continuing in nature and the Plaintiff will suffer the losses and impairment in the future.

12. All conditions precedent to the maintenance of this lawsuit have been met by the Plaintiff.

WHEREFORE the Plaintiffs demand judgment for damages against Defendant CARNIVAL and demand a trial by jury.

Dated this __11th________ of February, 2008.

GREG M. LAUER, P.A.
15 S.W. 10th Street
Fort Lauderdale, Florida 33315
Telephone No.: (954) 559-0647
Facsimile No.: (954) 523-1994
Email: greg@gregmlauer.com

GREG M. LAUER, ESQUIRE
FLORIDA BAR NO.: 652709

# Plaintiff's Exhibit #1



(610)867-7502 VA ABE 1MJ123

AAA EAST PENN
ATTN: LINDA
1520 STEFKO BLVD
BETHLEHEM, PA 18017

**E-TICKET** **RED FWD**

**Ship:** CARNIVAL VALOR(EXOTIC)
**Sailing:** SUNDAY, FEB 18, 2007
**Booking:** 1MJ123
**Cabin:** 2216
**Dep City:** (ABE) ALLENTOWN, PA
**Embark:** 1:30 PM UNTIL 3:00 PM
Port of Miami
Cruise Terminals

**Guests:** MS SUSAN LIVINGOOD

Carnival

contractors and Carnival is not responsible for their actions. Guest further acknowledges that although independent contractors or their employees may use signage or clothing which contain the name "Carnival" or other related trade names or logos, the independent contractor status remains unchanged. Independent contractors, their employees and assistants are not agents, servants or employees of Carnival and have no authority to act on behalf of Carnival.

14. (a) Carnival shall not be liable for any claims whatsoever for personal injury, illness or death of the guest, **unless full particulars in writing are given to Carnival within 185 days after the date of the injury**, event, illness or death giving rise to the claim. **Suit to recover** on any such claim shall not be maintainable **unless filed within one year after the** date of the injury, event, illness or death, and unless served on Carnival within 120 days after filing. Guest expressly waives all other potentially applicable state or federal limitations periods.

(b) Carnival shall not be liable for any claims whatsoever, other than for personal injury, illness or death of the Guest, unless full particulars in writing are given to Carnival within 30 days after the Guest is landed from the Vessel or in the case the Voyage is abandoned, within 30 days thereafter. Suit to recover on any claim whatsoever other than for personal injury, illness or death shall not be maintainable unless filed within six months after the date Guest is landed from the Vessel or in the case the Voyage is abandoned, within six months thereafter, and unless served on Carnival within 120 days after filing. Guest expressly waives all other potentially applicable state or federal limitation periods for claims which, include but are not limited to, allegations concerning any and all civil rights, the ADA, trade practices and/or advertising.

(c) In consideration for the fare paid, it is agreed that Carnival shall not be held vicariously liable for the intentional or negligent acts of any persons not employed by Carnival nor for any intentional or negligent acts of Carnival's employees committed while off duty or outside the course and scope of their employment.

(d) In consideration for the fare paid, it is agreed that Carnival shall have no liability as a consequence of guest's use of ship's athletic or recreational equipment or as a consequence of guest's decision to participate in any athletic or recreational activity or event.

15. It is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, **shall be litigated**, if at all, before the United States District Court for the **Southern District of Florida in Miami**, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

16. On cruises which neither embark, disembark nor call at any U.S. port, Carnival

vented (or in the evented) by war, hore, restraint of wn of the Vessel, if Carnival or the ), attempting to may expose the nd his baggage hich the Vessel id this contract not embarked, assage money

any orders, Department ority of such er the terms ch orders, e with any t done the





same shall not be deemed a deviation or a breach of this contract. Disembarkation of any Guest or discharge of baggage in accordance with such orders, recommendations or directions shall constitute due and proper fulfillment of the obligation of Carnival under this Contract.

20. Carnival and the Vessel shall have a lien upon all baggage, money and other property whatsoever accompanying the Guest and the right to sell the same by public auction or otherwise for all sums whatsoever due from the Guest under this contract and for the costs and expenses of enforcing such lien and such sale.

21. Carnival and/or its promotional partners have the exclusive right to include photographic, video and other visual portrayals of Guest in any medium of any nature whatsoever for the purpose of trade, advertising, sales, publicity or otherwise, without compensation to Guest, and all rights, title and interest therein (including all worldwide copyrights therein) shall be Carnival's sole property, free from any claims by Guest or any person deriving any rights or interest from Guest.

22. This contract constitutes the entire agreement between Carnival and Guest and supercedes all other agreements, oral or written. Any alteration to any term of this contract must be in writing and signed by Carnival. Should any provision of this contract be contrary to or invalid by virtue of the law of the jurisdiction in which this contract is sought to be enforced or be so held by a court of competent jurisdiction, such provision(s) shall be deemed to be severed from the Contract and of no effect



and all remaining provisions herein shall be in full force and effect and constitute the Contract of Carriage.

23. Guest hereby expressly agrees that he/she will not utilize any tape recording, video, or photograph(s) of himself/herself, any other guest, crew, or third party on board the vessel, or depicting the vessel, its design, equipment, or any part thereof whatsoever, for any commercial purpose or in any media broadcast, or for any other non-private use, without the express written consent of Carnival. Guest acknowledges that by boarding the vessel, at any time, Guest irrevocably agrees to this provision, which is a condition precedent to being permitted on board the vessel and can be enforced by any legal means, including, but not limited to, injunctive relief.

24. If guest is denied boarding, confined to a stateroom or disembarked from the vessel pursuant to any provision of this contract, including but not limited to paragraphs 2(c), 2(f), 6(b), 6(c), 6(e), 10(a), guest agrees:

a. Carnival will not be liable for any refund of Cruise Fare, other compensation or any damages

b. All rights under Carnival's Vacation Guarantee are forfeited. This forfeiture also applies to any guest who disembarks because another guest is disembarked.

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

Susan Livingood

CIV-MORENO

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Greg M. Lauer, ESQ.
Greg M. Lauer, P.A. 954-559-0
15 SW 10th Street
Fort Lauderdale, FL 33315

MAGISTRATE JUDGE SIMONTON

**DEFENDANTS**

CARNIVAL CORPORATION, a Panamanian Corporation d/b/a

County of Residence of First Listed Defendant Dade County, Florida
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

08-20359

**(d)** Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

1:08CV 20359-Moreno-Simonton

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

FILED by D.C. INTAKE
FEB 11 2008
CLARENCE MADDOX CLERK U.S. DIST. CT. S.D. OF FLA. • FT. LAUD.

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):

a) Re-filed Case ☐ YES ☑ NO b) Related Cases ☐ YES ☑ NO

JUDGE DOCKET NUMBER

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity)**:

28 U.S .C .A § 1332 (a)(diversity of citizenship)

LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD DATE

FOR OFFICE USE ONLY

AMOUNT 350.00 RECEIPT # IFP

542276